EDMUND T. HASTINGS *vs.* ISAAC LIVERMORE & another.

The right of action for the obstruction of a watercourse through which the plaintiff has a right of drainage is not affected by the subsequent construction of a common sewer by the city, although the plaintiff's land is thereby as effectually drained.

The owner of land leased at will for purposes of pasturage may maintain an action for the obstruction of a right to drain the land through an ancient watercourse; but can only recover for the injury thereby occasioned to the reversion.

ACTION OF TORT for the obstruction of an ancient watercourse running through the lands of the plaintiff and of the defendant, in Cambridge.

At the trial in this court, the plaintiff claimed the right to the use of the watercourse for the draining of his land, and offered evidence of his right, and of an obstruction of the watercourse by the defendants, under a claim of right, on their own land.

A highway separated the land of the plaintiff from that of the defendant, and the watercourse passed through a culvert which had been constructed under the highway at the time of laying it out. The defendants offered to prove that before the commencement of this action, but after the obstruction complained of, the city of Cambridge had built a common sewer and drain in the highway, by which the plaintiff's land was drained as effectually as by the watercourse, although in a different direction.

There was also evidence that, at the time of the alleged obstruction, the land of the plaintiff was let on an oral lease from year to year, for the purpose of pasturage.

*Bigelow*, J. ruled that neither the evidence offered nor that introduced would prevent the maintenance by the plaintiff of an action to establish his right and title to the use of the watercourse, if the same was obstructed by the defendants under a claim of right; although it would prevent the recovery of any but nominal damages.

The jury found a verdict for the plaintiff for nominal damages, and the judge reported the case to the full court.

*J. C. Dodge*, for the defendants, to the point that the opening of the common sewer extinguished the plaintiff's right of draining over the defendant's land, cited Gale & Whatley on Easements, 354 ; *Brisbane* v. *O'Neall*, 3 Strob. 348; and to the point that this action could not be maintained, because of the oral lease, *Baker* v. *Sanderson*, 3 Pick. 348 ; *French* v. *Fuller*, 23 Pick. 104 ; *Cushing* v. *Adams*, 18 Pick. 110 ; *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241.

*E. F. Head*, for the plaintiff, to the point that, the acts of the defendants being done under a claim of right, the law presumed damage to the plaintiff, cited *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241; *Hobson* v. *Todd*, 4 T. R. 71; and to the point that an oral lease for the purpose of pasturage was but a

grant of the herbage, and did not divest the owner of the posses-
sion, but that he had still a right of action, *Clap* v. *Draper,*
4 Mass. 266; *Reed* v. *Merrifield,* 10 Met. 155; *Wilson* v. *Mack-
reth,* 3 Bur. 1824; *Lienow* v. *Ritchie,* 8 Pick. 235; *French* v.
*Fuller,* 23 Pick. 104; *Sumner* v. *Tileston,* 7 Pick. 201; *Starr* v.
*Jackson,* 11 Mass. 520; *Baker* v. *Sanderson,* 3 Pick. 348; Angell
on Watercourses, § 398.

BIGELOW, J.   1. It was not a valid defence to the alleged
injury to the plaintiff's rights, occasioned by obstructing the
watercourse described in the declaration, that other means of
draining his land were afforded by a common sewer built by the
city of Cambridge.

In the first place, the sewer was not constructed until after
the damage, alleged to have been done to the land of the plain-
tiff by the acts of the defendants, had been sustained. If it were
true, as is urged by the counsel for the defendants, that all claim
for future damages has been thereby prevented, it is very clear
that the right to recover for past injuries still remained.

But the more complete and decisive answer to this ground of
defence is, that it constitutes no legal justification or excuse for
the tortious acts of the defendants.   If the plaintiff has a right
to the easement which he claims in the land of the defendants,
they cannot disturb him in its enjoyment, or deprive him of its
use, because it is not essential to the beneficial occupation of
his own land, or because he has other means of draining
it, equally or even more efficacious and convenient than that
furnished by the ancient watercourse through the estate of the
defendants.   It may be a good ground for claiming a reduction
of damages; but it does not constitute a good bar to an action
for a violation of his right.   If A has a right of way through
land of B to a highway, it will not justify the latter in closing
up the way, or obstructing A's passage through it, to show that
he has another access to the same highway by another route
equally easy and convenient.

It is a well settled rule of the common law, that whenever
any act injures another's right, and would be evidence in favor
of the wrongdoer against the existence of such right, an action

may be maintained therefor without proof of specific damages. It is a sufficient ground of action, that the right is put at hazard by acts which, if acquiesced in for a period of time of adequate length, would be proof that the right had been extinguished or granted away. Whenever, therefore, an invasion of right is proved, the law infers damage ; and although it be merely nominal, it is not regarded as *damnum absque injuria*, because it is founded on an infringement of the legal title of the plaintiff. The familiar maxim, *Ubi jus, ibi remedium*, rests on this principle. *Ashby* v. *White*, 1 Salk. 19, and 2 Ld. Raym. 955. *Mellor* v. *Spateman*, 1 Saund. 346 *& note*. *Pindar* v. *Wadsworth*, 2 East, 154. *Chapman* v. *Thames Manuf. Co.* 13 Conn. 269. *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 247.

Besides ; in the case at bar, the sewer was not an adequate or equivalent substitute for a permanent easement or right of drainage through an ancient watercourse. It was not within the control of the plaintiff, nor had he a legal right to claim a perpetual privilege to its use. It might be removed by the public authorities, or its location changed, at any time ; and the plaintiff thereby left to seek his sole outlet for the water collected on his land through the watercourse alleged to exist in the land of the defendants. Upon this part of the case, therefore, we are of opinion that the ruling and instruction given at the trial were correct.

2. But although the principle of law above stated was rightly laid down in the charge to the jury, it was not applied with sufficient fullness and accuracy to the evidence in the case, disclosing the plaintiff's title to the land alleged to be injured. He had only a reversionary interest in it. By the lease at will, under the Rev. Sts. *c.* 60, § 26, he had parted with his right to the estate for a definite period, and during the time when the alleged injuries were committed he had neither the possession nor the right of possession in the land described in the writ. In this respect, he stood on the same footing with a lessor of lands demised for a term certain. *French* v. *Fuller*, 23 Pick. 104.

His right being a reversion, he was bound to show, in order to maintain his action, an invasion of this right. On proof of

17*

this, however slight the damage, he would have been entitled to a verdict. For an injury to the possession, the tenant only has his remedy; for an injury to the reversion, the right of action is in the owner. The plaintiff might well maintain this action, therefore, by showing that the acts of the defendants were of a nature to cause a disturbance of his right, and cause injury to the reversion. 1 Chit. Pl. (6th Amer. ed.) 72. *Jackson* v. *Pesked*, 1 M. & S. 234. *Young* v. *Spencer*, 10 B. & C. 145. *Tucker* v. *Newman*, 11 Ad. & El. 40. *Baker* v. *Sanderson*, 3 Pick. 348. *Cushing* v. *Adams*, 18 Pick. 110. *Ingraham* v. *Dunnell*, 5 Met. 118.

But it was essential that the attention of the jury should have been drawn to this distinction, in order that they might discriminate between damages done only to the tenant's possession, and injuries affecting the right and title of the reversioner. This was the more necessary, because injuries of the latter kind are in their nature difficult to estimate, and great caution is always to be taken that the fact of damage to the reversionary interest is clearly established. *Shadwell* v. *Hutchinson*, 3 Car. & P. 615, 4 Car. & P. 333, and Mood. & Malk. 350. Upon this point, the instructions to the jury in the present case were deficient, and for this reason we think there should be a

*New trial ordered.*